UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sonya Braxton, | Case No. 24-cv-2455 (JMB/LIB) |
| Plaintiff, | |
| v. | ORDER AND<br>REPORT AND RECOMMENDATION |
| State of Minnesota, et al., | |
| Defendants. | |

Pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636, this matter comes before the undersigned United States Magistrate Judge upon Plaintiff Sonya Braxton's various filings. These filings include Plaintiff's original Complaint, [Docket No. 1]; three motions to "add . . . evidence," (Evidence Motion [Docket No. 3]; Second Evidence Motion [Docket No. 15]; Third Evidence Motion [Docket No. 17]); a motion for "an emergency injunction," (Injunction Motion [Docket No. 6]); two motions requesting appointed counsel, (Counsel Motion [Docket No. 8]; Second Counsel Motion [Docket No. 17]); a motion to keep Plaintiff's identity "out of [the] public record," (Anonymity Motion [Docket No. 9]); a motion for a PACER-fee waiver, (Fee-Waiver Motion [Docket No. 10]); a motion to amend the Complaint (Motion to Amend [Docket No. 14]); and a motion for additional time to serve the amended complaint on Defendants (Extension Motion [Docket No. 18]). Finding no hearing necessary, the Court issues the present Order and Report and Recommendation.

For the following reasons, the Court denies the Evidence Motion, Second Evidence Motion, Third Evidence Motion, Counsel Motion, Second Counsel Motion, Anonymity Motion, and Fee-Waiver Motion. The Court grants the Motion to Amend and the Extension Motion.[1]

Further, the Court recommends denying the Injunction Motion.

**I.      Background**

This case commenced on June 24, 2024, when the Court received the Complaint. [Docket No. 1]. Plaintiff Sonya Braxton, a disabled Medicaid recipient, has experienced problems receiving dental care. (See Compl. 1–2).[2] The Complaint names three defendants: the State of Minnesota and two state agencies—the Department of Health and the Department of Human Services. (See, e.g., Id. at 1). The Complaint generally alleges that Defendants have failed to provide adequate dental care to Medicaid recipients, particularly in rural areas. (See, e.g., Id.).[3]

On July 8, 2024, the Court received several motions from Plaintiff. (See Mots. [Docket Nos. 3, 6, 8, 9, 10.) The Evidence Motion requests that the Court consider a document as "evidence" in this matter. (See Evidence Mot. [Docket No. 3] at 1). The Injunction Motion seeks an "emergency injunction" compelling Defendants to establish a public dental clinic in Koochiching County, Minnesota, within the next year. (See, e.g., Inj. Mot. [Docket No. 6] at 3). The Counsel Motion requests that the Court appoint Plaintiff counsel. (See Counsel Mot. [Docket No. 8] at 1.) The Anonymity Motion asks that Plaintiff's identity be kept confidential in this action's public records. (See Anonymity Mot. [Docket No. 9] at 1–2.) Lastly, the Fee-Waiver Motion seeks a waiver of PACER fees, citing Plaintiff's financial hardship and her inability to

---

[1] While not an appointment of civil counsel, the Court will, however, refer Plaintiff to the Federal Bar Association's Pro Se Project ("PSP") through a separate letter for information and an opportunity to consult with an attorney.
[2] Citations to filed materials reference the pagination provided by the District's CM/ECF filing system.
[3] As noted above and discussed below, Plaintiff has filed the Motion to Amend, which the Court is granting. Accordingly, the Court will discuss pleading allegations in greater detail later in this opinion, when discussing the Amended Complaint.

afford the costs of accessing case documents electronically. (See Fee-Waiver Mot. [Docket No. 10] at 1–2.)

The Court received the Motion to Amend, along with Plaintiff's proposed Amended Complaint on August 1, 2024. (See Amended Compl. [Docket No. 14]). The Amended Complaint adds several state officials as Defendants, stating they are being sued in both their individual and official capacities. (See Id. at 1).[4] By way of introduction, the Amended Complaint asserts that various Defendants have failed to provide adequate dental care to low-income and disabled individuals, particularly in rural areas. (See, e.g., Id. at 2–3, 20). Plaintiff contends that state budget cuts and systemic negligence have led to severe dental issues for her, including infections, pain, and tooth loss, which have worsened her pre-existing post-traumatic stress disorder and anxiety. (See Id. at 3, 17, 33). She argues that Minnesota has violated both federal and state law by failing to ensure timely access to dental care and by not addressing racial and economic disparities in health-care provision. (See Id. at 1–2, 17–23, 27–30). She seeks injunctive relief to improve access to dental care in her region, as well as compensatory and punitive damages for the harm she has endured. (See Id. at 32–34.)

Since submitting the Amended Complaint, Plaintiff has filed four additional motions. The Second Evidence Motion asks that the Court consider certain letters as evidence in this action. (See Second Evidence Mot. [Docket No. 15] at 1–2). The Second Counsel Motion reiterates Plaintiff's request for appointed counsel. (See Second Counsel Mot. [Docket No. 17] at 1). The Extension Motion asks the Court for additional time to serve Defendants with the summons and

---

[4] The named defendants in the proposed Amended Complaint are (1) Tim Walz; (2) Brooke Cunningham, commissioner of Minnesota's Department of Health; (3) Jodi Harpstead, commissioner of the Department of Human Services; (4) John Connolly, an assistant commissioner in the Department of Human Services; (5) Dr. Prasida Khanal, the State's Oral Health Director within the Department of Health; (6) Linda M. Maytan, the Department of Human Services's Dental Policy Director; and (7) Bridgett Anderson, executive director of Minnesota's Board of Dentistry. (See Amended Compl. [Docket No. 14-1] at 1).

operative complaint. (See Extension Mot. [Docket No. 18] at 1–2). The Third Evidence Motion asks the Court to consider additional letters received by Plaintiff as evidence. (Third Evidence Mot. [Docket No. 3] at 1).

## II.  Analysis

### A.  Evidence Motions

The Court will first address the Evidence Motions. As noted, all three motions request the Court to consider certain additional "evidence" in this action. (See Evidence Mot. [Docket No. 3]; Second Evidence Mot. [Docket No. 15]; Third Evidence Mot. [Docket No. 19]). But introducing documentary evidence is currently unnecessary. In civil litigation, a court typically evaluates a case based solely on the allegations in the pleadings until a defendant formally responds by filing an answer. Cf. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (discussing motion-to-dismiss standards). For now, the court assumes the truth of the plaintiff's well-pleaded facts and assesses whether those allegations, if true, establish a legal claim. Cf. Id. The present phase of litigation thus focuses on evaluating the complaint's sufficiency, rather than considering evidence or resolving factual disputes—those steps generally occur later, such as during summary-judgment proceedings after the parties gather factual evidence through discovery.

For the time being, then, it is premature for Plaintiff to submit evidence to the Court. The primary question now is whether this action's operative pleading states a claim. Accordingly, the Court denies both the Evidence Motion, the Second Evidence Motion, and the Third Evidence Motion.

### B.  Injunction Motion

The Injunction Motion requests a self-described "emergency injunction" requiring the State of Minnesota and its relevant agencies to address the lack of dental-care access for Medicaid

4

recipients, particularly in rural areas. (See Injunction Mot. [Docket No. 6] at 1.) Specifically, Plaintiff asks the Court to mandate the establishment of "a comprehensive permanent dental clinic" in Koochiching County within 12 months and to ensure the clinic's ongoing funding. (See Id. at 3).

To the extent that Plaintiff views her request as one the Court should impose before resolving this action, the Court construes the Injunction Motion as seeking a preliminary injunction. Under Federal Rule of Civil Procedure 65(a)(1), a court may "issue a preliminary injunction only on notice to the adverse party." At this stage, there is no indication that Defendants have notice of this action—they have not been served with any pleadings and have not filed appearances. The Court therefore recommends denying the Injunction Motion to the extent it seeks a preliminary injunction. This denial is without prejudice.[5]

**C.    Counsel Motions**

The Court next addresses Plaintiff's requests for counsel. There is no constitutional or statutory right to appointed counsel in civil litigation. See, e.g., Crozier for A.C. v. Westside Cmty. Sch. Dist., 973 F.3d 882, 889 (8th Cir. 2020) (quoting Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996)); Traylor v. Minn. Dep't of Corrs., No. 24-cv-1275 (JWB/TNL), 2024 WL 3402747, at *1 (D. Minn. July 11, 2024) (citing cases). Whether to appoint counsel in civil proceedings is a decision "committed to the discretion of the trial court." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997) (citing cases); Meranelli v. Pruette, No. 23-cv-2260 (JWB/DJF), 2024 WL 3282641, at *1 (D. Minn. June 26, 2024) (quoting McCall). In determining whether to appoint counsel, a court

---

[5] As the case proceeds, if Plaintiff believes a preliminary injunction is warranted, she may file another motion. Any such motion must, of course, satisfy the procedural and substantive requirements for such requests. See Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) ("Although pro se pleading are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law."); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

considers factors such as "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." Crozier, 973 F.3d at 889 (citing cases); see, e.g., Meranelli, 2024 WL 3282641, at *1 (quoting Crozier).

In this case, Plaintiff's filings demonstrate her ability to communicate in written materials, and at this stage, the Court does not find that litigating this action is factually or legally complex enough to warrant consideration of the appointment of civil counsel by the Court. Additionally, given that the action is in prediscovery proceedings, issues of conflicting testimony do not currently present any challenges. Therefore, the Court concludes that the Crozier factors weigh in favor of denying Plaintiff's request for counsel.

Although the Court will not appoint counsel for Plaintiff, it will refer her to the Federal Bar Association, Minnesota Chapter's Pro Se Project by separate letter. The PSP has a panel of volunteer lawyers who often consult with and may assist pro se litigants. Once the referral occurs, the Court encourages Plaintiff to contact the PSP and request assistance in finding a lawyer to consult with her about this case. This referral is not an appointment of civil counsel however. Plaintiff should be aware that the PSP is not required to find a lawyer for her, and no lawyer is obligated to represent her in this action.

**D.    Anonymity Motion**

The Anonymity Motion requests that the Court allow Plaintiff to be identified only by her initials in these proceedings. "Federal courts disfavor the use of fictitious names in legal proceedings," and the Court sees no reason why using a litigant's initials should be treated differently. Cajune v. Indep. Sch. Dist. 194, 105 F.4th 1070, 1076 (8th Cir. 2024) (citing cases). However, the United States Court of Appeals for the Eighth Circuit recently recognized that

6

"federal courts have allowed parties to proceed under pseudonyms in certain limited circumstances." Id. at 1076–77 (citing In re Chiquita Brands Int'l, Inc., 965 F.3d 1238, 1247 (11th Cir. 2020)). Specifically, "a party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." Id.

> The Eighth Circuit has outlined the factors relevant to anonymity decisions as follows:
>
> > The factors that are relevant to this balancing inquiry will depend on the facts of the case in question. Our sister circuits have identified several factors that may be relevant in weighing the competing interests. . . . [T]he Fifth Circuit [has] identified three factors common to those "exceptional" cases in which party anonymity was held to be justified: (1) the party seeking anonymity was challenging government activity; (2) identification threatened to reveal information of a sensitive and highly personal nature; and (3) a party would be required, absent anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution. The Seventh Circuit has stated that the danger of retaliation is "often a compelling ground" in favor of anonymity. Factors that weigh against party anonymity include "whether the party's requested anonymity poses a unique threat of fundamental unfairness to the defendant," whether the public's interest in the case is furthered by requiring that the litigants disclose their identities, and whether there exist alternative mechanisms that could protect the confidentiality of the litigants. We emphasize that the aforementioned factors are non-exhaustive and that other factors, or a combination thereof, may be relevant.

Id. at 7 (citations omitted).

Some of the factors point in different directions in this case. Plaintiff is challenging government activity, and public disclosures of her medical and dental issues may involve "sensitive" and "highly personal" matters. But there is no indication that proceeding with this case would require Plaintiff to admit any intent to engage in illegal conduct, and nothing in the Complaint suggests that retaliation is a genuine concern. The other factors seem neutral: Plaintiff's request would not keep her identity anonymous from the government, so there is no risk of "fundamental unfairness" associated with complete anonymity, and the potential impact on the public interest is unclear. Perhaps most importantly, Plaintiff has already filed this suit on the

7

Court's public electronic-filing system, where it has been accessible for several weeks. As a result, the proverbial cat is already out of the bag.

Given these factors, the Court concludes that allowing this suit to proceed with Plaintiff referred to only by her initials is not appropriate. Accordingly, the Court denies the Anonymity Motion.

E.   **Fee-Waiver Motion**

As noted above, the Fee-Waiver Motion requests that the Court waive any PACER fees Plaintiff incurs while prosecuting this action. Courts may waive PACER fees if they determine that an exemption "is necessary in order to avoid unreasonable burdens and to promote public access to information[.]" U.S. Courts, Electronic Public Access Fee Schedule, https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last visited Sept. 16, 2024) (listing fees and automatic exemptions); see also Id. ("[E]xemptions should be granted as the exception, not the rule . . . .").

Three points concerning PACER fees are relevant here. First, no fees are charged for accessing judicial opinions in a docket. See Id. Second, parties in an action receive one "free electronic copy" of any documents electronically filed and served in the case. Id. Finally, "[n]o fee is owed for electronic access to court data or audio files via PACER until an account holder accrues charges of more than $30.00 in a quarterly billing cycle." Id. Given these provisions, the Court cannot conclude that the current PACER-fee structure imposes an unreasonable burden on Plaintiff in this action. The Court thus denies the Fee-Waiver Motion. This denial is without prejudice at this time.

F.     **Motion to Amend**

The Court now turns to the Motion to Amend. Under Federal Rule of Civil Procedure 15(a), a party may generally amend its pleading once "as a matter of right" (that is, without consent of opposing parties or the permission of the Court) if the party seeks the amendment within 21 days after serving the pleading on the defendants—or, if the pleading requires a response, within 21 days after receiving the response or a motion to dismiss. In this case, the Court concludes that when Plaintiff submitted the Motion to Amend, she was entitled to amend as a matter of right. The Court therefore grants the Motion to Amend. As of now, the Amended Complaint, [Docket No. 14-1], is now the operative pleading in this action.

G.     **Extension Motion**

The Extension Motion requests that the Court give Plaintiff additional time to serve Defendants with the summons and the now operative amended complaint. Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." But the rule also provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Because the Court has allowed Plaintiff to amend her Complaint, and it is separately referring Plaintiff to the PSP, it will grant the Extension Motion. The service deadline will now be 90 days from the date of this Order and Report and Recommendation.

Therefore, based on the foregoing, and on all of the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT**:

9

1. Plaintiff Sonya Braxton's three motions to add "evidence" to this action [Docket Nos. 3, 15, 19] are **DENIED**;

2. Plaintiff's two motions requesting court appointed counsel [Docket Nos. 8, 17] are **DENIED**.

3. Plaintiff's anonymity motion to have herself identified in this action only by her initials [Docket No. 9] is **DENIED**;

4. Plaintiff's motion for a PACER-fee waiver [Docket No. 10] is **DENIED without prejudice**;

5. Plaintiff's motion to amend her complaint [Docket No. 14] is **GRANTED** as discussed above;

6. Plaintiff's motion for an extension of time to serve Defendants [Docket No. 18] is **GRANTED** as discussed above; and

7. A letter referring Plaintiff to the Federal Bar Association's Pro Se Project will be issued separately.

Furthermore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Plaintiff's motion for "an emergency injunction" [Doc. No. 6] be **DENIED without prejudice** to the extent it seeks a preliminary injunction in this matter.

Dated: September 30, 2024                    s/Leo I. Brisbois
                                             Hon. Leo I. Brisbois
                                             United States Magistrate Judge

## NOTICE

**Filing Objections:** The Report and Recommendation component of this Order and Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).