UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sonya Braxton, | File No. 24-CV-02455 (JMB/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Minnesota, Minnesota Department of Health, Minnesota Department of Human Services, and Minnesota Board of Dentistry; and Tim Walz, Brooke Cunningham, Prasida Khanal, Jodi Harpstead, John Connolly, Linda Maytan, Bridgett Anderson, and Shireen Ghandi,[1] *in their official and individual capacities*, | |
| Defendants. | |

Sonya Braxton, Littlefork, MN, self-represented.

James Garay Heelan and Michael David McSherry, Minnesota Attorney General's Office, St. Paul, MN, for Defendants State of Minnesota, Minnesota Department of Human Services, Tim Walz, Jodi Harpstead, John Connolly, Linda Maytan, and Shireen Ghandi.

Kelly S. Kemp, Linnea Constance VanPilsum-Bloom, and Michael David McSherry, Minnesota Attorney General's Office, St. Paul, MN, for Defendants Minnesota Department of Health, Brooke Cunningham, and Prasida Khanal.

Michael David McSherry and Nicholas Lienesch, Minnesota Attorney General's Office, St. Paul, MN, for Defendants Bridgett Anderson and Minnesota Board of Dentistry.

---

[1] Since the filing of this action, Shireen Ghandi has succeeded Jodi Harpstead to the office of Commissioner of Human Services for the State of Minnesota. (Doc. No. 71.) Harpstead remains a party as to claims brought against her in her individual capacity.

1

This matter is before the Court on Defendants the State of Minnesota, the Minnesota Department of Health (MDH), the Minnesota Department of Human Services (MDHS), the Minnesota Board of Dentistry (MBD), Tim Walz, Brooke Cunningham, Prasida Khanal, Jodi Harpstead, John Connolly, Linda Maytan, Bridgett Anderson, and Shireen Ghandi's (Defendants) Motions to Dismiss (Doc. Nos. 98, 105, 111) Plaintiff Sonya Braxton's Second Amended Complaint (Doc. No. 72-1) (SAC). For the reasons explained below, the Court grants the Motions and dismisses the action.

## BACKGROUND

Plaintiff Sonya Braxton is a resident of Littlefork, Minnesota. (SAC at 2.) Braxton receives medical assistance and supplemental security income. (*Id.*) Braxton alleges that since moving to Littlefork in 2022, she has been unable to receive dental treatment from a local dentist who accepts Medicaid. (*Id.* at 2–3.) Braxton asserts that the closest dentist who accepts Medicaid is located in Duluth, where Braxton cannot travel due to the risk of aggravating her disabilities of anxiety and PTSD. (*Id.* at 8.) Braxton alleges that the lack of access to dental care has caused her injury, including partial tooth loss, dental pain, and dental abscesses. (*Id.* 3, 10.)

Although the SAC is not completely clear,[2] the Court construes it to assert the following four claims against the State of Minnesota, the Minnesota Department of Health, the Department of Human Services, the Minnesota Board of Dentistry, and named state

---

[2] Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). In light of the Court's decision to construe the SAC in this way and to grant Defendants' Rule 12(b)(6) motion to dismiss, the Court declines to analyze Defendants' Rule 8 motion.

government officials (together, Defendants) for not providing Braxton with adequate access to dental care: (1) constitutional violations pursuant to 42 U.S.C. § 1983; (2) disability discrimination pursuant to section 504 of the Rehabilitation Act and Title II of the ADA; (3) statutory violations of the Medicaid Act, the Affordable Care Act, and the Public Health Service Act; and (4) general violations of state law.

## DISCUSSION

Defendants move to dismiss all claims in Braxton's SAC under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because the allegations in the SAC are insufficient to state a claim to relief, the Court grants the motion.

As a threshold matter, the Court observes that when considering a motion to dismiss under Rule 12(b)(6), courts accept the facts alleged in a complaint as true and view those allegations in the light most favorable to the plaintiff. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). However, courts need not accept as true wholly conclusory allegations or legal conclusions couched as factual allegations. *Id.* To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Applying this standard, the Court addresses each claim in turn.

**I.     CLAIMS AGAINST THE STATE AND STATE AGENCIES**

The Eleventh Amendment generally bars a private citizen from bringing a federal suit against the state and its agencies. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). The only exceptions to the general proscription are if the state waives its immunity or if a federal law abrogates state immunity. *Barnes v. State of Missouri*, 960 F.2d 63, 64–65 (8th Cir. 1992) (citing *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987)). Braxton does not allege, and the Court does not find, that any waiver or abrogation exists here. Therefore, the Court finds that Braxton's claims against the State of Minnesota, MDHS, MDH, and MBD are barred by the Eleventh Amendment and dismissed with prejudice.

**II.    SECTION 1983 CLAIMS**

Braxton brings section 1983 claims against various state officials in their individual and official capacities,[3] alleging various constitutional violations, "state-created danger," "disparate impact & civil rights violations," "deliberate indifference," "reckless disregard," and "misrepresentation." (SAC at 34, 36–37.) The Court grants Defendants' motions to dismiss Braxton's section 1983 claims.

In her SAC, Braxton states that "Defendants ignored actual knowledge of Plaintiff's condition (multiple letters and testimony, reasonable accommodation request for dental

---

[3] The Eleventh Amendment generally does not bar claims for prospective injunctive relief against state officials in their official capacities. *Monroe*, 495 F.3d at 594. To the extent that the SAC purports to raise a claim for injunctive relief against state officials in their official capacity, however, this claim is dismissed because Braxton fails to plead a plausible constitutional violation by any Defendant.

4

clinic in Plaintiffs [sic] county)," that "Defendants' policies disproportionately harm minority (Native American), disabled, and rural Medicaid recipients," that "Defendants knowingly maintained a dangerous dental 'desert' and directed Plaintiff into deadly delay," and that "Defendants misrepresented that Medicaid recipients have emergency dental access, but knowingly left Plaintiff in a coverage desert." (*Id.*)

The Court concludes that Braxton's section 1983 individual capacity claims are barred by the doctrine of qualified immunity, which protects government officials sued in their individual capacities from section 1983 liability "unless their conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known." *Littrell v. Franklin*, 388 F.3d 578, 582 (8th Cir. 2004); *see also Malley v. Briggs*, 475 U.S. 335, 341 (1986) (holding that this doctrine shields all government officials, except for "the plainly incompetent or those who knowingly violate the law"). Government officials are entitled to qualified immunity "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018) (quotation omitted). In this case, Braxton fails to identify any unconstitutional act committed by any of the Defendants. Braxton's allegations generally concern her lack of access to a dental clinic in her geographical area, but there is no governing authority to support her claim that Defendants' alleged failure to provide dental access in certain areas violates the Constitution. In the absence of any authority to support her claim, Defendants cannot be found to have violated a "clearly established" constitutional right. Thus, Braxton's section 1983 claims are dismissed with prejudice.

### III. STATUTORY VIOLATION CLAIMS

Braxton next alleges that Defendants violated section 504 of the Rehabilitation Act, Title II of the ADA, section 1557 of the Affordable Care Act, and section 330 of the Public Health Service Act. (SAC at 34–35.) Again, the Court agrees with Defendants that the SAC fails to allege sufficient facts to assert these claims, and the Court dismisses these claims without prejudice.

To bring a claim under Title II of the ADA, a plaintiff must allege, among other elements, that the defendants discriminated against them on the basis of disability. *E.g.*, *Rinehart v. Weitzell*, 964 F.3d 684, 688 (8th Cir. 2020). The same is true for a claim under section 504 of the Rehabilitation Act. *E.g.*, *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 344 (8th Cir. 2006). Section 1557 of the Affordable Care Act supports a private right of action for claims arising under Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, and section 504 of the Rehabilitation Act. *Rumble v. Fairview Health Servs.*, No. 14-CV-2037 (SRN/FLN), 2015 WL 1197415, at *7 n.3 (D. Minn. Mar. 16, 2015). Section 330 of the Public Health Service Act authorizes federal grants to qualified health centers that provide primary healthcare to underserved populations. *See* 42 U.S.C. § 254(b).

Braxton fails to plead any facts that would support a reasonable inference that she was denied access to dental care "solely by reason of her [] disability." *Peebles v. Potter*, 354 F.3d 761, 765 (8th Cir. 2004) (quotation omitted). Braxton identifies herself as an individual with disabilities, including PTSD and anxiety. (SAC at 8.) She also claims that Defendants discriminated against her based on her race and Medicaid status. (*Id.* at 35.)

6

However, Braxton does not allege that she was excluded from participation in the medical assistance program or otherwise denied dental services or benefits because of her disabilities, her race, or her Medicaid status. Instead, Braxton's claims concern the lack of dentists accepting Medicaid in rural areas. These allegations do not support an inference that Braxton was discriminated against because of her disabilities, race, or Medicaid status. In lieu of specific factual allegations, Braxton only recites the legal conclusion that Defendants "discriminated based on disability, race (Native American), and Medicaid status in a federally funded healthcare program." (SAC at 35.) Courts are not bound to accept legal conclusions couched as factual allegations, *see Iqbal*, 556 U.S. at 678, and once the Court sets aside these conclusory statements, there are no factual allegations to suggest that Braxton has been denied federally funded benefits or services because of her disabilities, race, or Medicaid status.[4] Because Braxton has failed to state a claim under the Rehabilitation Act or any other qualifying federal statute, her Affordable Care Act claim fails as well. Finally, Braxton has not alleged facts to support her claim under the

---

[4] Additionally, to support her claim for compensatory damages, Braxton must demonstrate, at a minimum, that Defendants acted with deliberate indifference—that they disregarded a strong likelihood that the challenged action would violate a federally protected right. *Meagley v. City of Little Rock*, 639 F.3d 384, 389 (8th Cir. 2011). Braxton does not plead any facts to support the finding that Defendants acted with deliberate indifference. Braxton asserts that she has documented "both the refusal of a State-affiliated, Federally Qualified Health Center (FQHC) to act on a known dental emergency, and the State's continuing inaction in ensuring [she] could access necessary care." (SAC at 29.) Even accepting this allegation as true, it does not support the necessary finding that Defendants were deliberately indifferent to Braxton's federally protected rights. *Meagley*, 639 F.3d at 389. Therefore, Defendants' motion to dismiss Braxton's claims under the Rehabilitation Act is granted.

Public Health Service Act, nor has she identified any legal authority supporting a private right of action. Therefore, all of Braxton's statutory violation claims must be dismissed.

## IV. MEDICAID ACT AND STATE LAW CLAIMS

Braxton's remaining allegations also fail to state a claim upon which relief can be granted. Braxton's claims under the Medicaid Act are plainly noncognizable because the Medicaid Act provides no private right of action. *See Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 331 (2015); *Does v. Gillespie*, 867 F.3d 1034, 1041 (8th Cir. 2017).

Braxton also alleges various violations of state law, including breach of contract, negligence, gross negligence, and intentional infliction of emotional distress. (SAC at 33–34, 37.) The Court declines to exercise supplemental jurisdiction over these state law claims. The Eighth Circuit has instructed courts not to exercise supplemental jurisdiction over state law claims where, as here, all federal claims are dismissed prior to trial. *See Hervey v. County of Koochiching,* 527 F.3d 711, 726–27 (8th Cir. 2008). Generally, it is "normal practice . . . to dismiss pendent claims without prejudice, thus leaving plaintiffs free to pursue their state-law claims in the state courts, if they wish." *Marianist Province of the U.S. v. City of Kirkwood*, 944 F.3d 996, 1003 (8th Cir. 2019) (quotation omitted). This is because "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (quotation omitted)).

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Defendants' Motions to Dismiss (Doc. Nos. 98, 105, 111) are GRANTED as follows:

1. All claims asserted against the State of Minnesota, the Minnesota Department of Human Services, the Minnesota Department of Health, and the Minnesota Board of Dentistry are DISMISSED WITH PREJUDICE;

2. All section 1983 claims asserted against Defendants in their official or individual capacities are DISMISSED WITH PREJUDICE;

3. All claims under the Americans with Disabilities Act, the Rehabilitation Act, the Affordable Care Act, and the Public Health Service Act are DISMISSED WITHOUT PREJUDICE;

4. All claims under the Medicaid Act are DISMISSED WITH PREJUDICE;

5. All state law claims are DISMISSED WITHOUT PREJUDICE;

6. Plaintiff Sonya Braxton's Second Amended Complaint (Doc. No. 72-1) is DISMISSED; and

7. Plaintiff Sonya Braxton's Motion for Temporary Restraining Order and Motion for ADA Accommodation for Remote Appearance at Any TRO or Preliminary Injunction Hearing (Doc. No. 132) is DENIED AS MOOT.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 22, 2026                    /s/ *Jeffrey M. Bryan*
                                            Judge Jeffrey M. Bryan
                                            United States District Court